IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHENZHEN MERRYNICE COSMETICS CO, LTD.,

    Plaintiff,

v.

LUXIE, INC., et al.,

    Defendants.

Case No. 19-cv-04686-CRB

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

The motion to dismiss is denied insofar as it argues that this case must be dismissed because Shenzhen Merrynice Cosmetics Co. has failed to pay franchise tax owed to the California Franchise Tax Board, for the reasons stated by the Court at oral argument.

The motion to dismiss Shenzhen's second cause of action for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b) is granted in part and denied in part. The following allegations are dismissed with leave to amend, for the reasons described below.

The first two purported misrepresentations identified in the FAC relate to a supposed restructuring: "[t]hat the LUXIE Defendants were undergoing a financial restructuring . . . which would be complete by May of 2019" and "[t]hat the LUXIE Defendants were achieving record sales volume and were able to pay the debt due to MERRYNICE, but for the disruption of the payments due to the restructuring." FAC (dkt. 32) ¶ 51(a), (b). The FAC contains no allegations explaining who represented that the restructuring was the sole reason for Luxie Inc.'s failure to pay its debts, when this representation was made, or where it was made. See generally id. While the FAC does

1 allege that Luxie Chief Financial Officer Jenny Aw and Chief Executive Officer Conor
2 Riley described Luxie's planned restructuring at a December 17, 2018, meeting in San
3 Jose, California, id. ¶ 12, it does not explain why this claim was false. There are no
4 allegations that Luxie was not actually undergoing a restructuring or was being
5 restructured on a different timetable then the one promised by Riley and Aw.

Merrynice also alleges that the Luxie defendants falsely represented that they "could and would comply with and satisfy the payment requirements of MERRYNICE's payment plan of February 28, 2019." Id. ¶ 51(d). The FAC does not allege who agreed to the February arrearage payment plan or when and where such an agreement was made. See generally id.

Merrynice alleges that Luxie falsely promised "[t]hat 2019 orders would be paid on 60-day terms." Id. ¶ 51(f). The FAC contains no allegations of who agreed to this requirement, when such an agreement was made, or where the agreement happened. See generally id.

Additionally, Merrynice alleges that Luxie "knowingly concealed" five facts with the intent of deceiving Merrynice. Id. ¶ 52. One fact allegedly concealed is that Luxie and Riley had no intention of satisfying the February arrearage payment plan. Id. ¶ 52(a), (b). This allegation is inadequately alleged, for the reasons stated above.

The next two facts that Luxie allegedly concealed are "[t]hat the LUXIE Defendants and CONOR RILEY . . . executed a scheme to obtain product without expense from MERRYNICE, count the product as an asset of LUXIE for balance sheet purposes, sell the product at market prices to customers and divert the proceeds from LUXIE, Inc. and to the offshore LUXIE Defendants to delay, hinder and defraud MERRYNICE," and "[t]hat the LUXIE Defendants and CONOR RILEY . . . diverted the proceeds from sales of MERRYNICE products so as to engage in voidable transfers to third parties . . . for which LUXIE, INC. did not receive reasonably equivalent value." Id. ¶ 52(c), (d). The FAC does not appear to include any factual allegations regarding the details of these schemes, such as when they were executed, who participated in the wrongful conduct, or where the

wrongful acts occurred.  See generally id.

All other allegations are adequately plead.  Merrynice shall have thirty days from the filing of this order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: January 21, 2020



CHARLES R. BREYER
United States District Judge