Peter Vestal (SBN 159440)
pvestal@nvlawllp.com
John Kelley (SBN 194073)
jkelley@nvlawllp.com
NIESAR & VESTAL LLP
90 New Montgomery St. 9th Floor
San Francisco, CA 94105
Telephone:  (415) 882-5300
Facsimile:   (415) 882-5400

Attorneys for Defendants
LUXIE, INC., CONOR RILEY, and TAMMY HUYNH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHENZHEN MERRYNICE COSMETICS CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>LUXIE, INC.; LUXIE PTE, LTD.; LUXIE HOLDINGS PTE, LTD.; CONOR RILEY; MARK KUMAR and TAMMY HUYHN,<br><br>Defendants. | Case No.  3:19-CV-04686-CRB<br><br>**NOTICE OF MOTION AND MOTION BY NIESAR & VESTAL LLP TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Date:    January 27, 2023<br>Time:   10:00 a.m.<br>Place:   Courtroom 6 |

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 27, 2023, at 10:00 a.m. or as soon as the matter may be heard before the Honorable Charles Breyer of the United States District Court for the Northern District of California, San Francisco Division, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 6, Niesar & Vestal LLP and its attorneys Peter Vestal and John Kelley (collectively "N&V") will and hereby do respectfully move for an order permitting them to withdraw as counsel for Defendants Luxie, Inc. ("Luxie"), Conor Riley ("Mr. Riley"), and Tammy Huynh ("Ms. Huynh") (collectively "Defendants") in this action.

This Motion is made pursuant to Rule 11-5 of the Local Rules for the Northern District of California, Rule 1.16 of the California Rules of Professional Conduct, and the federal common law, on the grounds that Defendants have breached an agreement with or obligation to N&V as to expenses and fees. This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of John Kelley, the pleadings and records on file herein, such further papers as may be filed in connection with this Motion, and on such further evidence and argument as may be presented at the hearing on this Motion.

DATED:   December 23, 2022                NIESAR & VESTAL LLP

BY: /s/ John A. Kelley

Attorneys for Defendants
LUXIE, INC., CONOR RILEY and
TAMMY HUYNH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to this Court's Local Rule 11-5, Rule 1.16 of the California Rules of Professional Conduct, and the federal common law, Niesar & Vestal LLP and its attorneys Peter Vestal and John Kelley (collectively "N&V") file this Motion to withdraw as counsel of record for Defendants Luxie, Inc. ("Luxie"), Conor Riley ("Mr. Riley"), and Tammy Huynh ("Ms. Huynh") (collectively "Defendants") in this action. N&V makes this Motion on the grounds that Defendants have breached an agreement with or obligation to N&V as to payment of expenses and fees. Under these circumstances, adequate grounds exist for N&V to withdraw as Defendants' counsel of record, and N&V respectfully requests that the Court grant this Motion in its entirety.

## II. FACTUAL BACKGROUND

### A. Procedural Status

Plaintiff filed this action against Luxie, Mr. Riley, and other defendants in August 2019. [Declaration of John Kelley in Support of Niesar & Vestal LLP's Motion to Withdraw as Counsel for Defendants ("Kelley Decl."), filed herewith, at ¶ 3; see also Document #1.] In October 2019, Plaintiff amended the Complaint to add Ms. Huynh as an individual defendant. [Kelley Decl. at ¶ 3; see also Document #32.]

While activity in this action was relatively heavy between August 2019 and October 2020, such activity dropped off precipitously beginning in early 2021 and has been practically nonexistent since June 2022. [See Kelley Decl. at ¶ 4.] Fact discovery closed on February 28, 2022, expert witness disclosures were to be completed by March 30, 2022, and any dispositive motions were to be filed by May 30, 2022. [See Document #63, filed November 30, 2021, at 8:10-15.] The parties did not identify any experts or file any dispositive motions. [Kelley Decl. at ¶ 4.]

On June 7, 2022, the Court ordered Plaintiff's counsel to inform the Court, within fourteen (14) days, whether the case would go forward. [Document #66.] Plaintiff's counsel responded

on June 22, 2022. [Document #67.] Thereafter, the Court scheduled and subsequently continued a status and trial-setting conference several times, most recently to January 13, 2023. [Kelley Decl. at ¶ 5; see also Document ##68, 70, and 72.]

### B.  Grounds for Withdrawal

Defendants have breached and continue to breach their payment obligations to N&V pursuant to the written legal services agreement between N&V and Defendants. [Kelley Decl. at ¶ 6.]

During the pendency of this action, Luxie's outstanding balance for fees and costs owed to N&V for work performed in connection with the Merrynice action and other matters has steadily grown. As of December 15, 2022, Luxie owed N&V several hundred thousand dollars in fees, costs, and accumulated interest across all matters. In 2021, Luxie paid N&V only approximately $51,000 across all matters. In 2022, Luxie has paid N&V less than $2,000. [*Id.*]

It appears that Defendants lack sufficient financial resources to pay the fees and costs they have incurred to date, and to pay the substantial fees and costs that will be necessary for N&V to continue meaningfully representing Defendants. Continued representation of Defendants will present an unreasonable financial burden upon N&V, and it is and will continue to be unreasonably difficult for N&V's attorneys to effectively carry out their representation of Defendants. [*Id.* at ¶ 7.]

### C.  N&V's Efforts to Avoid Prejudice to Defendants

N&V has taken reasonable steps to avoid foreseeable prejudice to Defendants resulting from N&V's withdrawal.

Since at least September 2022, N&V has been cautioning Mr. Riley that the firm might have to seek to withdraw as counsel in this action as a result of Luxie's nonpayment. The firm's senior partner, Gerald Niesar ("Mr. Niesar"), informed Mr. Riley in a September 26, 2022 email message of the significant amount of Luxie's aggregate outstanding debt to the firm, notifying him that N&V would need to seek to withdraw as counsel unless an adequate payment plan could

be negotiated. N&V partners then met with Mr. Riley in early October 2022 to discuss potential payment options that would allow N&V to continue representing Luxie. [*Id.* at ¶ 8.]

When the Court postponed the schedule status and trial-setting conference from November 4, 2022, to January 13, 2023, N&V agreed to defer filing its motion to withdraw in order to allow Luxie additional time to find a means of recommencing payment to N&V. [*Id.* at ¶ 10.]

Since early November 2022, N&V has received no communication from Luxie regarding any proposed resolution. Accordingly, N&V has reluctantly concluded that it must proceed with a motion to withdraw as counsel in advance of the January 13, 2023 trial-setting conference. [*Id.* at ¶ 11.]

On December 15, 2022, Mr. Niesar sent a letter (the "Notice Letter") to Mr. Riley (in his capacity as Luxie's chief executive officer and an individual defendant) and Ms. Huynh, stating many of the facts set forth above and informing Defendants of N&V's intention to file a motion to withdraw as counsel by December 22, 2022. N&V staff sent the Notice Letter by electronic mail and certified mail, return receipt requested. [*Id.* at ¶ 12.]

In the Notice Letter, N&V requested that Mr. Riley and Ms. Huynh consent to N&V's withdrawal as counsel for Defendants. N&V included with the Notice Letter proposed declarations from Mr. Riley and Ms. Huynh confirming that N&V has informed them of the provisions of the Court's Local Rule 11-5(a), as well as Rules 1.16(b)(5), 1.16(b)(6), 1.16(d), and 1.16(e)(1) of the California Rules of Professional Conduct. [*Id.* at ¶ 13.]

As of the filing of this Motion, N&V has received neither any response nor any executed declaration consenting to N&V's withdrawal from either Mr. Riley or Ms. Huynh [*Id.* at ¶ 14.]

### D.   Service of the Motion

N&V provided notice to Plaintiff's counsel of N&V's intent to seek to withdraw as Defendants' counsel in an October 2022 email message. [*Id.* at ¶ 9.] Concurrently with the filing of the Motion, N&V will serve the Motion and its supporting papers on Plaintiff through the Court's e-filing system. [*Id.* at ¶ 15.] N&V will serve the Motion and its supporting papers

upon Defendants by electronic mail and certified mail, return receipt requested. [*Id.* at ¶ 16.] Before the hearing on this Motion, N&V will submit a further declaration establishing proof of service of the Motion and its supporting papers upon Defendants. [*Id.* at ¶ 17.]

### III.   ARGUMENT

Pursuant to Rule 1.16(b)(5) of the California Rules of Professional Conduct, an attorney may withdraw from representing a client where the client breaches a material term of an agreement or obligation to the attorney relating to the representation, if the attorney has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation. Under federal common law, a client's failure to pay agreed-upon attorney fees is a sufficient basis for an attorney to withdraw. *See, e.g., Statue of Liberty–Ellis Island Found., Inc. v. International United Indus.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986); *see also Degla Group for Investments, Inc. v. BoConcept USA, Inc.,* No. CV 09-05278 MMM (RZx), 2011 WL 13187267, at *5 (C.D. Cal. May 11, 2011) (granting law firm's motion to withdraw for nonpayment of fees five months before trial); *Schueneman v. 1st Credit of Am., LLC,* No. C05-4505 MHP, 2007 WL 1969708, at *7 (N.D. Cal. July 6, 2007) (granting attorney's motion to withdraw where client failed to pay fees). Given the circumstances outlined above, good cause exists to permit N&V's requested withdrawal as counsel of record for Defendants.

### IV.   CONCLUSION

For the foregoing reasons, N&V respectfully requests that the Court enter an order: (a) granting this Motion; (b) terminating N&V and its attorneys Peter Vestal and John Kelley as counsel of record for Defendants; (c) relieving N&V and its attorneys Peter Vestal and John Kelley of any and all further obligations on behalf of Defendants in this action; (d) providing Defendants with at least thirty (30) days to retain successor counsel before any additional pretrial deadlines are imposed upon them; (e) directing that all future pleadings, motions, and any and all other communications concerning this matter be sent to Conor Riley, Chief Executive Officer, Luxie, Inc., 901 Campisi Way, Suite 180, Campbell, CA 95008, until such time as successor

counsel enters an appearance on Defendants' behalf; and (f) awarding such other and further relief as this Court deems just and proper.

DATED: December 23, 2022

NIESAR & VESTAL LLP

BY: /s/ John A. Kelley

Attorneys for Defendants
LUXIE, INC., CONOR RILEY and TAMMY HUYNH