Peter Vestal (SBN 159440)
pvestal@nvlawllp.com
John Kelley (SBN 194073)
jkelley@nvlawllp.com
NIESAR & VESTAL LLP
90 New Montgomery St. 9th Floor
San Francisco, CA 94105
Telephone:  (415) 882-5300
Facsimile:   (415) 882-5400

Attorneys for Defendants
LUXIE, INC., CONOR RILEY, and TAMMY HUYNH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHENZHEN MERRYNICE COSMETICS CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LUXIE, INC.; LUXIE PTE, LTD.; LUXIE HOLDINGS PTE, LTD.; CONOR RILEY; MARK KUMAR and TAMMY HUYHN, <br><br> Defendants. | Case No.  3:19-CV-04686-CRB <br><br> **DECLARATION OF JOHN KELLEY IN SUPPORT OF NIESAR & VESTAL LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS** <br><br> Date:  January 27, 2023 <br> Time:  10:00 a.m. <br> Place:  Courtroom 6 |

I, John Kelley, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California. My law firm, Niesar & Vestal LLP ("N&V", is counsel for Defendants Luxie, Inc. ("Luxie"), Conor Riley ("Mr. Riley"), and Tammy Huynh ("Ms. Huynh") (collectively "Defendants") in this action. I make this declaration in support of N&V's motion to withdraw as counsel for Defendants (the "Motion"). The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. N&V has represented Luxie in a number of capacities since November 17, 2015, pursuant to a written legal services agreement ("LSA"), which has been amended several times,

mostly recently as of December 24, 2019.  The LSA provides that N&V will provide its legal services to Luxie, and that Luxie's "responsibility . . . will be to compensate [N&V] for [its] services in accordance with the terms of" the LSA.  The LSA further provides that payment in full of each N&V monthly invoice is be "due within fifteen (15) days of the invoice, unless other arrangements are made."

3. This action was filed against Luxie, Mr. Riley, and other defendants in August 2019.  In October 2019, Plaintiff's counsel amended the Complaint to add Ms. Huynh as an individual defendant.

4. While activity in this action was relatively heavy between August 2019 and October 2020, activity on the case dropped off precipitously beginning in early 2021 and has been practically nonexistent since June 2022.  Fact discovery closed on February 28, 2022, expert witness disclosures were to be completed by March 30, 2022, and any dispositive motions were to be filed by May 30, 2022.  The parties did not identify any experts or file any dispositive motions.

5. The Court has scheduled and subsequently continued a status and trial-setting conference in the matter several times, most recently to January 13, 2023.

6. Defendants have breached and continue to breach their payment obligations to N&V pursuant to the LSA.  During the pendency of this action, Luxie's outstanding balance for fees and costs owed to N&V for work performed in connection with the Merrynice action and other matters has steadily grown.  As of December 15, 2022, Luxie owed N&V several hundred thousand dollars for fees, costs, and accumulated interest across all matters.  In 2021, Luxie paid N&V only approximately $51,000 across all matters.  In 2022, Luxie has paid N&V less than $2,000.

7. It appears that Defendants lack sufficient financial resources to pay the fees and costs they have incurred to date, and to pay the substantial fees and costs that will be necessary for N&V to continue meaningfully representing Defendants in this action.  Continued representation of Defendants will present an unreasonable financial burden upon N&V, and it is

and will continue to be unreasonably difficult for N&V's attorneys to effectively carry out their representation of Defendants.

8. Since at least September 2022, N&V has been cautioning Mr. Riley that the firm might have to seek to withdraw as counsel in this action as a result of Luxie's nonpayment. The firm's senior partner, Gerald Niesar ("Mr. Niesar"), informed Mr. Riley in a September 26, 2022 email message of the significant amount of Luxie's aggregate outstanding debt to the firm, notifying him that N&V would need to seek to withdraw as counsel unless an adequate payment plan could be negotiated. N&V partners then met with Mr. Riley in early October 2022 to discuss potential payment options that would allow N&V to continue representing Luxie.

9. In late October 2022, I informed Plaintiff's counsel Whitney Davis by email of N&V's intent to file a motion to withdraw as defense counsel.

10. When the Court postponed the schedule status and trial-setting conference from November 4, 2022, to January 13, 2023, N&V agreed to defer filing its motion to withdraw in order to allow Luxie additional time to find a means of recommencing payment to N&V.

11. Since early November 2022, N&V has received no communication from Luxie regarding any proposed resolution. Accordingly, N&V has reluctantly concluded that it must proceed with a motion to withdraw as counsel in advance of the January 13, 2023 trial-setting conference.

12. On December 15, 2022, Mr. Niesar sent a letter (the "Notice Letter") to Mr. Riley (in his capacity as Luxie's chief executive officer and as an individual defendant) and Ms. Huynh, stating many of the facts set forth above in Paragraphs 2 through 9 and informing Defendants of N&V's intention to file a motion to withdraw as counsel by December 22, 2022. N&V staff sent the Notice Letter by electronic mail and certified mail, return receipt requested.

13. In the Notice Letter, N&V requested that Mr. Riley and Ms. Huynh consent to N&V's withdrawal as counsel for Defendants; N&V included with the Notice Letter proposed declarations from Mr. Riley and Ms. Huynh confirming that N&V has informed them of the

provisions of the Court's Local Rule 11-5(a), as well as Rules 1.16(b)(5), 1.16(b)(6), 1.16(d), and 1.16(e)(1) of the California Rules of Professional Conduct.

14. As of my submission of this declaration, N&V has received neither any response nor any executed declaration consenting to N&V's withdrawal from either Mr. Riley or Ms. Huynh.

15. Concurrently with the filing of the Motion, N&V will serve the Motion and its supporting papers on Plaintiff through the Court's e-filing system.

16. N&V will serve the Motion and its supporting papers upon Defendants by electronic mail and certified mail, return receipt requested.

17. Before the hearing on this Motion, N&V will submit a further declaration establishing proof of service of the Motion and its supporting papers upon Defendants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 23, 2022, in San Francisco, California.

                             /s/ John A. Kelley
                             John A. Kelley