IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN MERRYNICE COSMETICS CO, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LUXIE, INC., et al., <br><br> Defendants. | Case No. 19-cv-04686-CRB <br><br> **ORDER GRANTING MOTION TO WITHDRAW** |

Niesar & Vestal LLP, counsel for Defendants Luxie, Inc., Conor Riley, and Tammy Huynh, seek to withdraw as counsel for Defendants in this matter due to nonpayment of fees. See Mot. to Withdraw (dkt. 73). Plaintiff Shenzhen Merrynice Cosmetics Co. does not oppose the motion. See dkt. 77. This case is at an advanced stage—a trial-setting conference is set for February 17, 2023. See dkt. 75.

Finding this matter suitable for resolution without oral argument pursuant to Local Civil Rule 7-1(b), the Court vacates the hearing and conference currently set for February 17, 2023, and GRANTS counsel's motion to withdraw.

**I.    DISCUSSION**

Withdrawal of counsel is governed by the California Rules of Professional Conduct and Local Civil Rule 11-5. Under Rule 1.16 of the California Rules of Professional Conduct, a lawyer may withdraw from representing a client if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the

1  obligation." Cal. Rules of Pro. Conduct r. 1.16(b)(5). That Rule also requires that "[a]
2  lawyer shall not terminate a representation until the lawyer has taken reasonable steps of
3  avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client
4  sufficient notice to permit the client to retain other counsel." Id. r. 1.16(d). Local Civil
5  Rule 11-5 further requires that counsel must provide written notice "reasonably in
6  advance, to the client and to all other parties who have appeared in the case" of their intent
7  to withdraw. Counsel may not withdraw without a court order. See Local Civil Rule 11-
8  5(a).

9        Therefore, a Court must determine whether (1) good cause exists under Rule
10  1.16(b)(5) to allow counsel to withdraw; (2) notice was provided to the client, as required
11  by Civil Local Rule 11-5(a) and Rule 1.16; and (3) whether the lawyer has taken
12  reasonable steps to avoid reasonably foreseeable prejudice to his client under Rule 1.16(d).
13  See also Degla Grp. for Invs., Inc. v. BoConcept USA, Inc., 09-cv-5278, 2011 WL
14  13187267, at *3–5 (C.D. Cal. May 6, 2011) (same).

15        **A.   Good Cause**
16        As stated above, a lawyer may withdraw if "the client breaches a material term of
17  an agreement with, or obligation, to the lawyer relating to the representation." Cal. Rules
18  of Pro. Conduct r. 1.16(b)(5). Under the rule and at common law, courts consider failure
19  to pay fees good cause to permit withdrawal. See, e.g., Degla, 2011 WL 13187267, at *3;
20  Schueneman v. 1st Credit of Am., LLC, 05-cv-4505, 2007 WL 1969708, at *7 (N.D. Cal.
21  July 6, 2007). A breakdown in communication between the client and the attorney is also
22  grounds for withdrawal. See Degla, 2011 WL 13187267, at *3 (collecting cases).

23        In their declaration, counsel informs the Court that its agreement with Defendants
24  requires prompt payment, but that Defendants' "outstanding balance for fees and costs
25  owed to [counsel] for work performed in connection with [this action] and other matters
26  has steadily grown." See Kelley Decl. (dkt. 73-1) ¶¶ 2, 6. While counsel reports that
27  Defendants owe counsel "several hundred thousand dollars for fees, costs, and
28  accumulated interest across all matters," Defendants paid counsel less than $2,000 in 2022,

indicating that Defendants "lack sufficient financial resources to pay the fees and costs they have incurred to date." Id. ¶¶ 6–7. Counsel also notes that since November, they have "received no communication from Luxie regarding any proposed resolution." Id. ¶ 11. Given the nonpayment and the breakdown of communication between counsel and client, the Court finds good cause for withdrawal under Rule 1.16(b)(5).

### B.    Notice to Client

As discussed above, under both Local Civil Rule 11-5 and California Rule of Professional Conduct 1.16, counsel is required to notify their client and opposing counsel that they intend to seek withdrawal. See Local Civil Rule 11-5; Cal. Rules of Pro. Conduct r. 1.16(b)(5); id. r. 1.16(d).

Counsel has notified Defendants multiple times in the past five months, both in writing and by other means, that they intend to withdraw. See Kelley Decl. ¶ 8 (September 2022 email notification and October 2022 meeting); id. ¶ 12 (December 2022 notice letter); id. ¶ 16 (indicating Counsel's intent to serve the motion on their clients). Counsel also notified opposing counsel of their intent to withdraw in October 2022 and opposing counsel does not oppose. See id. ¶ 9; see also dkt. 77. While Defendants do not appear to have consented to their counsel's withdrawal, see Kelley Decl. ¶¶ 13–14, consent is not required either under the Civil Local Rule 11-5 or California Rule of Professional Conduct 1.16; only notice is required. Based on counsel's declaration, the Court is satisfied that the requisite notice has been provided.

### C.    Prejudice

Finally, under Rule 1.16(d), a lawyer must "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to retain other counsel." As discussed in the prior section, sufficient notice has been provided; Defendants have known since at least September 2022 that counsel may seek to withdraw due to their nonpayment of fees. See Kelley Decl. ¶ 8. In those months, Defendants had the opportunity to come to an agreement with their counsel to continue that representation or seek new counsel, but they did not do so. Further,

1  because a trial date has not yet been set in this action, there is ample time for Defendants to
2  seek new counsel before trial. See Degla, 2011 WL 13187267, at *5.

## II. CONCLUSION

For the foregoing reasons, counsel's motion to withdraw is GRANTED. Peter Vestal and John Kelley of Niesar & Vestal LLP are hereby terminated as counsel of record for Defendants Luxie, Inc., Tammy Huynh, and Conor Riley. Counsel shall serve a copy of this order on Defendants. All future filings in this action shall be served on Conor Riley, Chief Executive Officer, Luxie, Inc., 901 Campisi Way, Suite 180, Campbell, CA 95008, until Defendants have retained new counsel in this action.  The trial-setting conference is rescheduled for March 31, 2023 to allow Defendants sufficient time to retain new counsel.

**IT IS SO ORDERED.**

Dated: February 1, 2023

CHARLES R. BREYER
United States District Judge

4